# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Lamar Fronheiser,                           :
                        Petitioner          :
                                            :    No.  483 C.D. 2020
            v.                              :
                                            :    Submitted:  December 11, 2020
Workers' Compensation Appeal                :
Board (Caterpillar Logistics                :
Services),                                  :
                        Respondent          :


BEFORE:    HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE J. ANDREW CROMPTON, Judge


## *OPINION NOT REPORTED*

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                                    FILED:  May 12, 2021


Lamar Fronheiser (Claimant) petitions for review from the April 30, 2020 order of the Workers' Compensation Appeal Board (Board), which affirmed, as modified, the decision of a workers' compensation judge (WCJ) granting Claimant's petition to modify and reinstate total disability benefits based upon an unconstitutional impairment rating evaluation (IRE) and *Protz v. Workers' Compensation Appeal Board (Derry Area School District)*, 161 A.3d 827 (Pa. 2017).

In his decision, the WCJ ordered reinstatement of Claimant's total disability benefits, effective March 29, 2007, the date on which Caterpillar Logistics Services (Employer) issued a Notice of Change of Workers' Compensation Disability Status (NCWCDS), which, due to the results of the IRE, changed Claimant's benefits from total to partial disability.  In modifying the WCJ's decision and order, the Board,

relying predominately on *Whitfield v. Workers' Compensation Appeal Board (Tenet Health System Hahnemann LLC)*, 188 A.3d 599 (Pa. Cmwlth. 2018) (*en banc*), concluded that the correct date for reinstatement of total disability benefits was September 27, 2017, the date on which Claimant filed the instant petition to modify and reinstate benefits. Before this Court, Claimant contends that the Board erred in altering the effective date of his reinstatement of total disability benefits. Applying binding precedent from this Court, we affirm the Board.

## Background

The relevant facts are undisputed and may be summarized as follows. On August 17, 2004, Claimant sustained a work-related injury. On June 27, 2007, Claimant underwent an IRE, as previously provided for in former section 306(a.2)(1) of the Workers' Compensation Act (Act),[1] which stated that physicians must use "the most recent edition" of the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (AMA Guides). *Formerly* 77 P.S. §511.2(1). The IRE was conducted by applying the Fifth Edition of the AMA Guides and determined that Claimant had a 20% whole body impairment. Employer then filed a NCWCDS and, with Claimant's impairment level falling below 50%, Claimant's status automatically converted, as a matter of then statutory law, from total to partial disability, effective March 29, 2007.[2] Over 10 years later, on June 20, 2017, our Supreme Court decided

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§1-1041.4, 2501-2710.

[2] Former section 306(a.2) of the Act provided for modification from total to partial disability when a claimant was shown to have an impairment rating of less than 50%. Although a change in status from total to partial disability under section 306(a.2) did not alter the rate of compensation, the practical effect was to limit the receipt of partial disability benefits to 500 weeks. *Whitfield*, 188 A.3d at 602 n.2; *see* section 306(b)(1) of the Act, 77 P.S. §512(1) (limiting a claimant's receipt of partial disability benefits to 500 weeks).

*Protz*, wherein it concluded that the IRE procedure in former section 306(a.2) of the Act was an unconstitutional delegation of legislative power, in large part, because the AMA Guides have been revised and replaced with new editions and medical standards to evaluate bodily impairment following the legislature's enactment of the statutory section.[3]

On September 27, 2017, Claimant filed a petition to modify and reinstate benefits, alleging that he was entitled to reinstatement of total disability benefits, per *Protz*, as of March 29, 2007. By decision and order dated June 4, 2018, the WCJ granted Claimant's petition, concluded that the 2007 IRE and former section 306(a.2)(1) were void *ab initio*, and reinstated total disability benefits effective March 29, 2007. Employer subsequently appealed to the Board. On January 11, 2019, the Board, citing our decision in *Whitfield*, remanded the case for the WCJ to conduct a hearing and determine whether Claimant continues to be disabled from the work-related injury.

On September 6, 2019, the WCJ issued his decision and order on remand. The WCJ concluded that Claimant adduced sufficient evidence to establish that he remains disabled by his 2004 work-related injury. Like his previous decision and order, the WCJ determined that Claimant was entitled to reinstatement of total disability benefits with an effective date of March 29, 2007.

Employer filed another appeal to the Board, raising only one issue: the WCJ erred in determining that Claimant's benefits should be reinstated as of March

---

[3] In response to *Protz*, the legislature enacted the Act of October 24, 2018, P.L. 714, No. 111 (Act 111). Act 111 repealed section 306(a.2) and replaced it with section 306(a.3) of the Act, 77 P.S. §511.3. Under section 306(a.3), an IRE must be conducted in accordance with the Sixth Edition of the AMA Guides, which was published in 2007, and a claimant's whole body impairment must be less than 35% in order for the claimant to be moved from total to partial disability status. 77 P.S. §511.3.

29, 2017.  Employer asserted that, pursuant to *Whitfield*, the appropriate date for reinstatement was the date Claimant filed his petition to modify and reinstate benefits. Ultimately, the Board agreed with Employer and modified the WCJ's decision and order to reflect a reinstatement date of September 27, 2017.  Thereafter, Claimant filed a petition for review in this Court.[4]

**Discussion**

Claimant contends that the Board erred in modifying the reinstatement date of his total disability benefits to the date he filed his petition to modify and reinstate benefits, contending that this "results in validation of an unconstitutional statute as well as validation of a version of the [AMA Guides] which was never approved by the legislature."  (Claimant's br. at 15.)  In presenting this argument, Claimant candidly acknowledges that in *Whitfield* and other cases, this Court has held that where, as here, the validity of an IRE was not challenged via *Protz* during direct review, "the date of the reinstatement is the date of the filing of the petition" for modification/reinstatement.  (Claimant's br. at 18.)

Nonetheless, Claimant asserts that "[t]he Pennsylvania Supreme Court has yet to squarely address this issue," *id.*, and seemingly suggests that the Supreme Court's decision in *Dana Holding Corporation v. Workers' Compensation Appeal Board (Smuck)*, 232 A.3d 629 (Pa. 2020), somehow undermined this Court's case law and that our decisions should be overruled.  In this respect, Claimant maintains that, if *Whitfield* and its progeny were applied to his case, Employer could effectively receive

---

[4] Our scope of review is limited to determining whether constitutional rights have been violated, whether an error of law has been committed, or whether findings of fact are supported by substantial evidence.  *Anderson v. Workers' Compensation Appeal Board (Penn Center for Rehab)*, 15 A.3d 944, 947 n.1 (Pa. Cmwlth. 2010).

credit for weeks that it paid partial disability benefits pursuant to an unconstitutional IRE and statutory scheme. Thus, Claimant, argues, he would essentially be deprived of his vested, statutory right to receive 500 weeks of partial disability benefits because his benefits should not have been reduced from total to partial in the first place.[5]

Unfortunately for Claimant, a substantially similar argument was presented to and rejected by an *en banc* panel of this Court in *White v. Workers' Compensation Appeal Board (City of Philadelphia)*, 237 A.3d 1225 (Pa. Cmwlth. 2020) (*en banc*). In that case, we reviewed *Dana Holding Corporation* and curtailed that decision to the situation where a claimant preserves a *Protz* challenge to an IRE during direct review. In such a scenario, we explained, a claimant is entitled to full retroactive application of the *Protz* decision and, consequently, the date of the IRE and conversion from total to partial disability will mark the date of reinstatement of total disability benefits. However, this Court in *White* also reaffirmed our decision in *Whitfield*, and, in so doing, distinguished it from *Dana Holding Corporation*. We clarified that under *Whitfield*, the result is different when a claimant challenges an IRE on *Protz* grounds, not on direct review, but in a new petition after *Protz* was decided. This Court held that, in this particular scenario, and in contrast to *Dana Holding Corporation*, a claimant "is entitled to reinstatement as of the date of [the] reinstatement petition, not the effective date of the change in her disability status from total to partial." *White*, 237 A.3d at 1231.

Here, as in *White*, Claimant had his benefits modified from total to partial disability based on a 2007 IRE, did not appeal from that decision, and did not file his present petition contesting the IRE and seeking modification/reinstatement until after *Protz* was decided. As a result, our decision in *White* is controlling authority in this

---

[5] *See supra* notes 2 and 3.

5

matter and compels the conclusion that the Board did not err in modifying Claimant's date of reinstatement to the date he filed his petition to modify and reinstate benefits to total disability status. *See White*, 237 A.3d at 1231 ("In the present matter, [the claimant] was not litigating the underlying IRE when *Protz* [] was issued. [The claimant's] modification from total to partial disability was effective in 2013 and had not been appealed. Accordingly, [the claimant] is entitled to reinstatement as of the date of her reinstatement petition, not the effective date of the change in her disability status from total to partial."); *accord, e.g.*, *Burke v. Workers' Compensation Appeal Board (School District of Philadelphia)* (Pa. Cmwlth., No. 491 C.D. 2020, filed December 22, 2020), slip op. at 7-8 (unreported) (applying *White* and concluding that the claimant's reinstatement date was the date he filed his reinstatement petition because the claimant "had his [] benefits modified from total to partial disability based on a 2013 IRE, did not appeal from that decision, and did not file his [r]einstatement [p]etition challenging his IRE until **after** *Protz* [] was decided") (emphasis in original);[6] *see also Rose Corporation v. Workers' Compensation Appeal Board (Espada)*, 238 A.3d 551, 555-56 (Pa. Cmwlth. 2020) (*en banc*) (reiterating that, pursuant to *White*, when a claimant files a petition for reinstatement following the decision in *Protz*, and demonstrates an ongoing disability from a work injury, "the claimant is entitled to reinstatement as of the date the claimant's petition was filed"). To the extent that Claimant contends that the date of reinstatement should be the date his disability status changed because he possessed a vested, statutory right in total disability benefits, this Court has already concluded that a claimant "has no vested right to [] benefits" and,

---

[6] We cite *Burke*, an unreported decision, and any other unreported decisions, for their persuasive value in accordance with section 414(a) of the Commonwealth Court's Internal Operating Procedures, 210 Pa. Code §69.414(a).

6

thus, "no entitlement to reinstatement of [] total disability effective as of [the date of the] IRE." *Perillo v. Workers' Compensation Appeal Board (Extended Healthcare Services, Inc.)* (Pa. Cmwlth., No. 649 C.D. 2020, filed March 3, 2021) (unreported), slip op. at 5.

 Accordingly, for the above-stated reasons, we affirm the Board's order.

<br>

         _____

         PATRICIA A. McCULLOUGH, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Lamar Fronheiser, : 
               Petitioner : 
                :   No.  483 C.D. 2020
          v. : 
                : 
Workers' Compensation Appeal : 
Board (Caterpillar Logistics : 
Services), : 
             Respondent : 

## ***ORDER***

AND NOW, this 12th day of May, 2021, the April 30, 2020 order of the Workers' Compensation Appeal Board is hereby affirmed.

_____
PATRICIA A. McCULLOUGH, Judge